UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN ORTIZ and NICOLE DAMPHIER,

                                          Plaintiffs,

                                                                                        No. 1:21-cv-00340 (BKS/CFH)

v.

FULTON COUNTY, NEW YORK; CITY OF
AMSTERDAM; KEITH M. MANNERS, in his individual
and official capacity; ARRESTING OFFICER CURTIS, in
his individual and official capacity; ARRESTING
OFFICER GROSE, in his individual and official capacity;
MARIA L. MOSSO, in her individual capacity; and
JOHN/JANE DOE,

                                          Defendants.
_____

**APPEARANCES:**

*For Plaintiffs:*
Vincent U. Uba
Uba Law Firm, P.C.
744 Broadway
Albany, NY 12207

*For Defendants Fulton County, New York; City of Amsterdam; Keith M. Manners; Arresting Officer Curtis; and Arresting Officer Grose:*
Thomas K. Murphy
Murphy Burns LLP
407 Albany Shaker Road
Loudonville, NY 12211

**Hon. Brenda K. Sannes, United States District Judge:**

                                    **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

       On March 24, 2021, Plaintiffs Kevin Ortiz and Nicole Damphier brought this action

alleging claims under 42 U.S.C. § 1983 and New York state law arising out of the arrest of Ortiz

at his home on August 14, 2019. Plaintiffs have named as defendants: Fulton County, the City of Amsterdam, arresting officer Curtis, arresting officer Grose, a Fulton County employee who filed felony charges against Ortiz, and a private citizen, Maria L Mosso. (Dkt. No. 1). Defendant Mosso has not answered the complaint or otherwise appeared in this action. (Dkt. No. 32). On September 29, 2021, at Plaintiffs' request, the Clerk issued an entry of default as to Mosso. (Dkt. No. 22). In a text order setting a due date for a motion for default judgment, the Court directed that any such motion must address "whether there are sufficient factual allegations in the complaint to state a plausible claim against Defendant Mosso." (Dkt. No. 28). Presently pending before the Court is Plaintiffs' motion for default judgment against Mosso on a state law malicious prosecution claim. (Dkt. No. 32).[1] As discussed below, Plaintiffs' motion is denied because they have failed to state a plausible malicious prosecution claim against Mosso.

## II.    STANDARD OF REVIEW

By failing to answer the complaint or oppose this motion, Defendant is deemed to have admitted the factual allegations in the complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability"); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-4810, 2011 WL 1131401, at *2, 2011 U.S. Dist. LEXIS 32249, at *5–6 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim."). However, "a pleading's legal conclusions are not assumed to be true." *Lelchook v. Islamic Republic of Iran*, 393 F. Supp. 3d 261, 265 (E.D.N.Y. 2019) (citation

---

[1] In addition to default judgment as to liability, Plaintiffs seek $184,857.00 in damages, which includes attorneys' fees, compensation for "mental and emotional pain and suffering," prejudgment interest, and costs and disbursements. (Dkt. No. 32-8; Dkt. No. 32-1, at 3).

omitted). Before entering default judgment, the Court must review the complaint to determine whether Plaintiff has stated a valid claim for relief. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Telequip Corp. v. Change Exch.*, No. 01-cv-1748, 2004 WL 1739545, at *1, 2004 U.S. Dist. LEXIS 14892, at *3 (N.D.N.Y. Aug. 3, 2004). The court "need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

## III. FACTS

Plaintiffs allege that at approximately 5:30 a.m. on August 14, 2019, "Defendants"[2] entered Plaintiffs' home, arrested Ortiz, and searched the home without a search warrant. (Dkt. No. 1, ¶¶ 31–48). Although Defendants had an arrest warrant for Ortiz, Plaintiffs allege that "the facts presented by the Defendants in support of their application for an arrest warrant [were] materially false." (*Id.* ¶ 58). According to Plaintiffs, Defendant Keith Manners, "working in concert with other Defendants," "made false statements or omissions in their application for an arrest warrant" because, in part, "the alleged witness against Ortiz had no basis in fact or in law to identify Ortiz as the suspected perpetrator of the crime." (*Id.* ¶ 82). Following the search of Plaintiffs' home, Manners, allegedly "working in concert with the other Defendants," filed "several felony charges against Ortiz" in Broadalbin Town Court. (*Id.* ¶ 54). On August 19, 2019, "[a]fter reviewing the facts in the case and applying reasonable cause test," the Broadalbin Town Court "found no probable cause and therefore ordered the charges to be dismissed," releasing Ortiz from custody. (*Id.* at 2; Dkt. No. 1-1).

---

[2] Throughout the complaint, Plaintiffs refer to "Defendants" without distinguishing to whom each allegation pertains. Mosso is alleged to be a private citizen, (Dkt. No. 1, ¶ 27), and Plaintiffs have only sought default judgment on the state law malicious prosecution claim against Mosso, (Dkt. No. 32-8).


With respect to Mosso, the complaint alleges that Mosso was a private citizen and that she is being sued in her individual capacity. (Dkt. No. 1, ¶¶ 27, 30). Plaintiffs allege that Mosso "initiated and/or continued a criminal proceeding against" Ortiz, that "Mosso did not have probable cause to initiate and/or continue the criminal prosecution," that the criminal proceeding terminated in Ortiz's favor, and that Mosso "acted maliciously and/or with reckless disregard for the truth." (*Id.* ¶¶ 113–16). They allege that "[t]he full extent of Mosso's involvement in the conduct[] violating Plaintiffs' constitutional rights is yet to be ascertained." (*Id.* ¶ 29).

## IV.  DISCUSSION

### A.  Procedural Requirements

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* Local Rule 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded."). Second, under Rule 55(b)(2), the plaintiff must "apply to the court for entry of a default judgment." *Priestly*, 647 F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

4

Here, Plaintiffs have complied with the procedural requirements for obtaining a default judgment. They have requested and received an entry of default from the Clerk of Court for the United States District Court for the Northern District of New York. (Dkt. Nos. 21, 22). In support of their request, Plaintiffs submitted an affidavit affirming that Mosso is not an infant, incompetent, or an active duty member of the United States Armed Forces. (Dkt. No. 32-1, ¶¶ 5–6). They also submitted proof of service of the summons and complaint. (Dkt. No. 32-3). As the procedural requirements for entry of default judgment are met, the Court will address liability.

B. **Liability for Malicious Prosecution**

"A defaulting party admits only well-pleaded factual allegations; it does not admit conclusory allegations or legal conclusions." *E.A. Sween Co. v. A&M Deli Express Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019) (citing *Finkel*, 577 F.3d at 84); *see also J&J Sports Prods., Inc. v. Salinas*, No. 17-cv-06820, 2018 WL 8544511, at *4, 2018 U.S. Dist. LEXIS 180973, at *10 (E.D.N.Y. Oct. 17, 2018) ("[A] pleading that only 'parrot[s] the case law's language in boilerplate fashion . . . accomplishes nothing for the purposes of establishing liability upon a defendant's default." (citations omitted)).

Under New York law, a plaintiff "must prove four elements to establish a claim for malicious prosecution: (1) the initiation of a proceeding, (2) termination of said proceeding favorably to the plaintiff, (3) lack of probable cause, and (4) malice." *Facci-Brahler v. Montgomery*, No. 18-cv-0941, 2021 WL 1224048, at *5, 2021 U.S. Dist. LEXIS 61547, at *11 (N.D.N.Y. Mar. 31, 2021) (quoting *Folk v. City of New York*, 243 F. Supp. 3d 363, 373 (E.D.N.Y. 2017)) (internal quotation marks omitted).[3] Here, the complaint is insufficient because

---

[3] Plaintiffs note that while the malicious prosecution claim would ordinarily be barred by the one-year statute of limitations, Executive Order 202.8, issued on March 20, 2020, tolled all statutes of limitations until it was lifted on November 3, 2020, by Executive Order 202.67. (Dkt. No. 1, ¶ 117; Dkt. No. 32-8, at 5–6). Here the favorable termination of the criminal proceeding occurred on August 19, 2019, (Dkt. No. 1-1), and Plaintiffs commenced this

it merely contains conclusory allegations asserting these elements, (*see* Dkt. No. 1, ¶¶ 113–16) (asserting that Mosso "initiated and/or continued a criminal proceeding," with malice and/or "reckless disregard for the truth"). *See Lamaka v. Russian Desserts Inc.*, No. 18-cv-07354, 2020 WL 42810, at *1, 2020 U.S. Dist. LEXIS 913, at *2–3 (E.D.N.Y. Jan. 3, 2020) (finding that "no default judgment [could] be issued" where, "[d]espite [the] defendants' clear default," the complaint only put forth "boilerplate, conclusory allegations" as to liability).

The complaint fails to allege how Mosso "initiated" a criminal proceeding. "[I]t is well settled that in order to 'initiate' a prosecution . . . 'the mere reporting of a crime to the police and giving testimony are insufficient." *Rohman v. New York City Transit Auth. (NYCTA)*, 215 F.3d 208, 217 (2d Cir. 2000) (quoting *DeFilippo v. Cty. of Nassau*, 183 A.D.2d 695, 696 (2d Dep't 1992)). Rather, "it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Id.* (internal quotation marks omitted). And "[m]erely giving false information to the authorities does not constitute initiation of the proceeding without an additional allegation or showing that, at the time the information was provided, the defendant knew it to be false, yet still gave it to the police." *Lupski v. County of Nassau*, 32 A.D.3d 997, 998 (2d Dep't 2006) (citations omitted); *Ramchandani v. CitiGroup, Inc.*, No. 19-cv-9124, 2021 WL 930627, at *6, 2021 U.S. Dist. LEXIS 45984, at *17–18 (S.D.N.Y. Mar. 11, 2021) (same); *Place v. Ciccotelli*, 121 A.D.3d 1378, 1379–80 (3d Dep't 2014) ("[A]llegations that a complainant has knowingly provided false information to the police or withheld information from police have been found to be sufficient to

---

action on March 24, 2021, (Dkt. No. 1). While disagreements exist as to whether the executive orders tolled or suspended the statute of limitations, *see, e.g.*, *Moore v. City of Syracuse*, No. 20-cv-1641, 2021 WL 3930730, at *6–7, 2021 U.S. Dist. LEXIS 166711, at *14–17 (N.D.N.Y. Sept. 2, 2021) (discussing the lack of consensus regarding the governor's authority to toll rather than suspend the statute of limitations), the Court need not address that issue here, as Plaintiffs have failed to state a plausible claim of malicious prosecution.

6

state that the complainant initiated the proceeding by playing an active role in the other party's arrest and prosecution.") (collecting cases).

The complaint alleges that "the facts presented by the Defendants in support of their application for an arrest warrant [were] materially false" because, in part, "the alleged witness against Ortiz had no basis in fact or in law to identify Ortiz as the suspected perpetrator of the crime," but there were no facts alleged regarding the identity of the witness or whether that individual knowingly provided false information. (Dkt. No. 1, ¶¶ 58, 82). Finally, the group pleading allegations in the complaint referring to "the Defendants," which fail to distinguish which Defendant was involved in the alleged unlawful conduct, are insufficient to state a claim against Mosso. *See*, *e.g.*, *Wilson v. Cty. Of Ulster*, No. 20-cv-104, 2022 WL 813958, at *7–8, 2022 U.S. Dist. LEXIS 47983, at *24–27 (N.D.N.Y. Mar. 17, 2022). Thus the allegation that "Defendants initiated a criminal proceeding against Ortiz by submitting [a] materially false affidavit in support of an arrest warrant, and by wrongfully filing criminal charges," (Dkt. No. 1, ¶ 89), is insufficient to allege Mosso's liability.

In their motion for default judgment, Plaintiffs ask the Court to consider the transcript of the preliminary hearing that led to the town court decision finding no probable cause. (Dkt. No. 32-8, at 4; Dkt. No. 32-7). Plaintiffs suggest that the transcript is "incorporated in the complaint by reference" because the preliminary hearing was the basis for the town court's decision attached to the complaint, and that the Court may take judicial notice of the transcript. (Dkt. No. 32-8, at 4–5). Testimony at a prior proceeding "may be [a] public record[] of which a court may take judicial notice." *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006); *see also* Fed. R. Evid. 201(c) and (d). "However, and importantly, a court may only take judicial notice of documents from prior proceedings 'to establish the fact of such

7

litigation and related filings' and 'not for the truth of the matters asserted in the other litigation.'" *Cabrera v. Schafer*, 178 F. Supp. 3d 69, 73 (E.D.N.Y. 2016) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)); *Giannone v. Bank of Am., N.A.*, 812 F. Supp. 2d 216, 221 n.2 (E.D.N.Y. 2011) ("The Court may consider . . . testimony, as well as other documents filed in the course of . . . criminal proceeding[s], as public documents or records, although the statements contained therein may only be considered to prove that such statements were made and may not be used to prove the truth of the matters asserted therein" (collecting cases)). Accordingly, the Court takes judicial notice of Mosso's testimony at the preliminary hearing, however, it does not consider this testimony to establish the truth of what Mosso said.

During the preliminary hearing, Mosso testified that around 5:30 a.m. on August 4, 2019, she woke up to three men entering her apartment. (Dkt. No. 32-7, at 10–11). It was dark and Mosso did not see any of the individuals. (*Id.* at 13). Mosso testified that the three men "came at" her and "started attacking" her. (*Id.* at 12–13). She was "strangled" by her neck, causing her to lose consciousness. (*Id.* at 13). When she regained consciousness, Mosso claims that she was "thrown on the floor," where the individuals threw a blanket on her. (*Id.* at 14). Subsequently, Mosso's hair and face were duct taped, and her hands and feet were tied. (*Id.* at 17). A gun was pressed "to the back of [her] neck." (*Id.*).

Mosso testified that she recognized Ortiz as one of her assailants "[b]y his voice." (*Id.* at 16). Mosso knew Ortiz "[s]ince childhood" and saw him "[f]requently" growing up. (*Id.*). When the police responded to the incident and asked Mosso "who did this," Mosso told the police that she did not want to talk. (*Id.* at 24). Mosso testified that four days later, she drove to the Fulton County Sheriff's Office after Investigator Manners from the Sheriff's Department called her up and told her that they would like to speak with her. (*Id.* at 26). This was the first time she told

8

police she recognized Ortiz as one of her assailants based on his voice; she made her first sworn statement. (*Id.* at 22, 24). She testified that she went to the Sheriff's Office a second time, when Investigator Manners told her that they would like her to come back in, and she provided a second sworn statement. (*Id.* at 30–31). At the conclusion of the preliminary hearing, the Broadalbin Town Court was "not thoroughly convinced that there[] [was] enough on a voice testimony from [Mosso's] testimony alone." (*Id.* at 57). Accordingly, the town court found insufficient "grounds to hold [Ortiz] based on the testimony given at th[e] hearing." (*Id.*).

While the transcript reflects that Mosso testified about Ortiz's involvement in the offense, "the mere reporting of a crime to the police and giving testimony are insufficient" to establish that a defendant initiated a prosecution. *Rohman*, 215 F.3d at 217 (citation omitted); *see Present v. Avon Prods., Inc.*, 253 A.D.2d 183, 189 (1st Dep't 1999) (finding that, by reporting a matter to the police and "responding to inquiries from law enforcement" the company defendant did not initiate the criminal proceeding against the plaintiff); *see also Marino v. Jonke*, Nos. 11-cv-430, 11-cv-4425, 2012 WL 1871623, at *2, *7, 2012 U.S. Dist. LEXIS 78661, at *6–7, *19–20 (S.D.N.Y. Mar. 30, 2012) (finding that the defendants' did not initiate a prosecution where the plaintiff failed to offer any evidence that the defendants "gave advice or encouragement to the police to act" beyond merely reported the incident and providing the police with supporting depositions). Plaintiffs challenge the sufficiency of Mosso's voice identification, arguing that she "could not point to any single occasion that she ever spoke to nor interacted with Ortiz prior to August 4, 2019," and had "no basis" to identify him as an assailant based on his voice. (Dkt. No. 32-8, at 7). Mosso, however, testified that she has known Ortiz from childhood and heard his voice in videos posted to social media. (Dkt. No. 32-7, at 16, 43). The transcript does not even contain facts that would allow a plausible inference that Mosso knowingly provided false

9

information to the police. *See Bornschein v. Herman*, 304 F. Supp. 3d 296, 302–03 (N.D.N.Y. 2018) (dismissing the plaintiff's malicious prosecution claim because the complaint did "not allege that [the defendant] provided 'information to the police that is known to be false," or otherwise provided evidence or testimony which [the defendant] knew to be misleading or perjurious." (citations omitted)).

Having failed to allege a plausible malicious prosecution claim against Mosso, Plaintiffs' motion for a default judgment must be denied. *See Malibu Media, LLC v. Causa*, No. 19-cv-963, 2020 WL 5408994, at *3, 2020 U.S. Dist. LEXIS 164268, at *9 (N.D.N.Y. Sept. 9, 2020) (denying motion for default judgment when the plaintiff failed to allege a plausible cause of action).

## V.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiffs' motion for default judgment (Dkt. No. 32) is **DENIED**, and it is further

**ORDERED** that Plaintiffs are directed to submit a status report by May 13, 2022, stating how Plaintiffs seek to proceed with respect to Defendant Mosso.

**IT IS SO ORDERED.**

Dated: April 26, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

10